# EXHIBIT 14

REDACTED VERSION OF DOCUMENT PROPOSED TO BE
FILED UNDER SEAL



**CONFIDENTIAL**

Mark A. Lemley
415-376-6404 (direct)
415-362-6666 (main)
mlemley@durietangri.com

January 5, 2022

**VIA EMAIL**

David P. Enzminger
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, CA  90071
DEnzminger@winston.com

Re:   *Krafton, Inc.'s Cease and Desist Letter*

Dear Mr. Enzminger,

We write on behalf of Sea Ltd., Garena International I Private Ltd. (now known as Moco Studios Private Limited), and Garena Online Private Ltd. (collectively, "Garena") with respect to your correspondence dated December 21, 2021.  Garena was surprised to receive your letter, as it relates to ███████████ ████████████████████████ by PUBG Corp., whose obligations bind Krafton, Inc. ("Krafton"). For this and other reasons, we dispute your allegation that there is "no defense" for Garena's development, promotion, sales, distribution, and use of the *Garena Free Fire*, *Garena Free Fire 4nniversary*, *Free Fire – New Age*, and *Free Fire Max* (collectively, "Free Fire") video games.

As you should know, PUBG Corp. brought an action, *inter alia*, for copyright and passing off against Garena in March 2018, and Garena and PUBG Corp. reached a ██████████████ settlement agreement dated April 12, 2019 (the "Settlement Agreement").  The Settlement Agreement ████████ ██████████████████████████████████████████████████████████████████████████████████████ ██████████  As a result of a merger, Krafton became a party to, and is bound by, the Settlement Agreement, and consequently, ██████████████████ ████████████████████████ ████████████████████████████████████████████████████ which led to PUBG Corp. discontinuing its 2018 copyright action against Garena in the High Court of Singapore.  The Settlement Agreement ██████████████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████████████████████████████

David P. Enzminger
January 5, 2022
Page 2

**CONFIDENTIAL**

████████████████████████████████████████████
████████████

████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████ Every copy of Free Fire is protected, regardless of who is distributing or using it. *See, e.g., Kirtsaeng v. John Wiley & Songs, Inc.*, 568 U.S. 519, 542–44 (2013). Distributors, like Apple, likewise cannot be held liable for hosting or distributing content that does not infringe.

Pursuant to Federal Rule of Civil Procedure 11, your firm (*i.e.*, Winston & Strawn LLP) has an affirmative duty to investigate both as to law and fact before filing a complaint. The Settlement Agreement, which is subject to arbitration in Singapore, provides a basis for Rule 11 sanctions should Krafton pursue litigation. In addition, and without waiving its rights under the Settlement Agreement, Garena reserves all rights to assert claims under 17 U.S.C. § 512(f) to seek costs and attorneys' fees, as well as a claim for tortious interference, should your client persist in pursuing these meritless claims or if Free Fire is removed from Apple's App Store as a result of Krafton's DMCA claim.

Finally, please also take notice that Krafton's actions have breached the Settlement Agreement and that Garena has commenced an arbitration in the SIAC, ███████████████████████████████
████████████████████████████████████████████ Kindly indicate by January 9, 2022 whether Krafton has authorized you to accept service of Garena's Notice of Arbitration.

For the avoidance of doubt, even if there had been no settlement, Krafton's allegations of infringement are meritless and are denied. All of Garena's rights are reserved.

Very truly yours,

*[signature]*

Mark A. Lemley

MAL:co