David P. Enzminger (SBN: 137065)
denzminger@winston.com
Michael A. Tomasulo (SBN: 179389)
mtomasulo@winston.com
Diana Hughes Leiden (SBN: 267606)
dhleiden@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071
Telephone: 213-615-1700
Facsimile: 213-615-1750

*Attorneys for Plaintiffs*
KRAFTON, INC. and
PUBG SANTA MONICA, INC.

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| KRAFTON, INC. and PUBG SANTA MONICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., GOOGLE, LLC, YOUTUBE LLC, SEA LIMITED, MOCO STUDIOS PRIVATE LIMITED (F/K/A GARENA INTERNATIONAL I PRIVATE LIMITED), and GARENA ONLINE PRIVATE LIMITED, <br><br> Defendants. | **Case No. 2:22-cv-00209-GW-MRW** <br><br> **REDACTED PLAINTIFFS' OPPOSITION TO DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL AND REQUEST TO UNSEAL EXHIBITS 7 AND 14** <br><br> Complaint Filed: January 10, 2022 <br> Judge: Honorable George H. Wu |

## REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1  Plaintiffs Krafton, Inc. and PUBG Santa Monica, Inc. (collectively, "Krafton") hereby submit the following opposition to Defendants Sea Limited, Moco Studios Private Limited (F/K/A Garena International | Private Limited), and Garena Online Private Limited's (collectively, "Garena") Application for Leave to File Under Seal (Dkt. No. 44) filed in connection with its Motion to Compel Arbitration and to Stay Litigation ("Motion"). Specifically, Krafton opposes the redactions proposed to Exhibits 7 and 14 to the Declaration of Suk Jin Bae ISO Defendants' Motion and requests the Court unseal these exhibits. *See* Dkt. No. 48 (Order Granting Application for Leave to File Under Seal).

This Opposition is made pursuant to L.R. 79-5, on the grounds that (1) Krafton has waived confidentiality over the Settlement Agreement terms, with the narrow exception of ▮▮▮▮▮ specified in Section 2.1; (2) Garena has not shown good cause or a compelling reason to seal nearly the entirety of the Settlement Agreement; and (3) Garena's request is overbroad and unworkable given the needs of the case.[1]

As a preliminary matter, Garena's request is in part based on the confidentiality provision set forth in Section 4.1 of the Settlement Agreement—but Krafton has agreed to waive confidentiality over all provisions with the exception of ▮▮▮▮▮ set forth in Section 2.1.[2] Krafton does not believe there is any basis for Garena's extensive redactions of Exhibit 7 (the Settlement Agreement) or Exhibit 14 (Garena's letter to

---

[1] Krafton has redacted certain portions of this Opposition to avoid any claim by Garena that it has violated the confidentiality provision in the Settlement Agreement. However, for the reasons set forth in this Opposition, Krafton does not believe that any of these redactions are necessary or warranted.

[2] Garena's Application for Leave to File Under Seal misrepresents Krafton's position on the confidentiality of the Settlement Agreement, stating that Krafton requested that Section 2.1 be sealed in its entirety. In fact, counsel for Krafton stated via email on March 25, 2022, that Krafton waived confidentiality over all the other provisions of the Parties' Settlement Agreement "with the exception of ▮▮▮▮▮ in Section 2.1." *See* Decl. of Diana Hughes Leiden ISO Opp'n to Defs.' Application and Request to Unseal ¶ 2.

1  Krafton quoting from and summarizing the Settlement Agreement).[3]

2  Garena is requesting the Court to seal the *entirety* of the Parties' Settlement Agreement with the exception of the confidentiality and arbitration clauses (Sections 4 and 7.2). But Garena has provided no valid reason why the other provisions of the Parties' Settlement Agreement are competitively sensitive, other than generally stating that it would cause harm ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. *See* Decl. of Anthony Kamer ISO Garena's Application to File Under Seal ¶ 5. But Garena provides no reason why those ▬▬▬▬ are competitively sensitive. Garena has also requested that the Court seal far more than its ▬▬▬▬ in the Settlement Agreement—the proposed redactions include titles, definitions, the "whereas" clauses, the signature blocks, and other standard contract provisions that could not possibly be considered competitively sensitive. Garena's request is plainly not "narrowly tailored to seal only the sealable material." *See* L.R. 79-5.2.2(a)(ii). Also, Garena's justification for sealing ▬▬▬▬▬▬ is contrary to Mr. Kamer's later statements in the same paragraph of his Declaration wherein he explicitly states that ▬▬▬▬▬▬▬▬▬▬ is what is deemed truly competitively sensitive. *See* Kramer Decl. ¶ 5. Krafton agrees that ▬▬▬▬ ▬▬▬▬ should be redacted from the Settlement Agreement.

Finally, Garena's request to seal the vast majority of the Settlement Agreement is improper and unworkable given the centrality of the Agreement to Defendants' Motion. As evidenced by Garena's heavily redacted opening brief (redacting even the words "Settlement Agreement" in several places), the Parties will need to quote heavily from the Settlement Agreement (beyond the arbitration and confidentiality clauses). Rejecting Garena's request to seal would avoid any inadvertent disclosures of the

---

[3] Garena also states that it "seeks to file these documents under seal because they contain information that Garena has designated confidential under the Protective Order." Dkt. No. 44, at 2. However, no protective order has been entered in this case.

Settlement Agreement and ultimately promote judicial economy for both the Parties and the Court.

As such, Defendants' application to seal portions of Exhibits 7 and 14 to the Declaration of Suk Jin Bae should be denied and unsealed, except as to ▓▓▓ ▓▓▓ set forth in Section 2.1 of Exhibit 7. *See* Dkt. No. 48 (Order Granting Garena's Application for Leave to File Under Seal).

Dated: March 30, 2022    Respectfully submitted,

**WINSTON AND STRAWN LLP**

By:  */s/ David P. Enzminger*
David P. Enzminger (SBN: 137065)
denzminger@winston.com
Michael A. Tomasulo (SBN: 179389)
mtomasulo@winston.com
Diana Hughes Leiden (SBN: 267606)
dhleiden@winston.com
333 S. Grand Avenue
Los Angeles, CA 90071
Telephone:  213-615-1700
Facsimile:   213-615-1750

*Attorneys for Plaintiffs*
KRAFTON, INC. and PUBG SANTA MONICA, INC.