MAYER BROWN LLP
JOHN NADOLENCO (SBN: 181128)
jnadolenco@mayerbrown.com
350 S. Grand Ave., 25th Floor
Los Angeles, CA 90071
Telephone: (213)229-9500

A. JOHN P. MANCINI (*Pro Hac Vice*)
jmancini@mayerbrown.com
PAUL M. FAKLER (*Pro Hac Vice*)
pfakler@mayerbrown.com
SARA A. SLAVIN (*Pro Hac Vice*)
sslavin@mayerbrown.com
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2600

Attorneys for Defendants GOOGLE LLC
AND ITS WHOLLY-OWNED SUBSIDIARY
YOUTUBE, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KRAFTON, INC. and PUBG SANTA MONICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., GOOGLE, LLC, YOUTUBE LLC, SEA LIMITED, MOCO STUDIOS PRIVATE LIMITED (F/K/A GARENA INTERNATIONAL \| PRIVATE LIMITED), AND GARENA ONLINE PRIVATE LIMITED, <br><br> Defendants. | Case No. 2:22-cv-00209-GW-MRW <br><br> **STATUS REPORT OF DEFENDANTS GOOGLE LLC AND YOUTUBE, LLC** <br><br> Courtroom: 9D <br> Judge: Hon. George H. Wu |

# I. INTRODUCTION

Google LLC ("Google") and its wholly-owned subsidiary YouTube, LLC ("YouTube") respectfully submit this status report in response to the Court's October 25, 2022 and October 28, 2022 Orders, requesting that each party address the issues of: (i) whether the Court's initial stay should continue; and (ii) what schedule the Court should set as to any non-stayed claims. As further set forth below, Google and YouTube respectfully submit that this litigation should remain stayed as to the claims of Plaintiffs Krafton, Inc. and PUBG Santa Monica ("Plaintiffs") concerning *Free Fire* and that this Court should additionally reconsider whether to stay this litigation in its entirety, including as to Plaintiffs' claims concerning *Biubiubiu*, given the recent developments in the Singapore arbitration as set forth in the parties' October 7, 2022 joint status report and in the November 7, 2022 status report of Defendants Garena and Apple (together with Google and YouTube, "Defendants"). If this Court allows Plaintiffs' *Biubiubiu* claims against YouTube to proceed, YouTube respectfully submits that discovery should not proceed as to Plaintiffs' *Biubiubiu* claims at least until the Court has decided whether Plaintiffs' *Biubiubiu* claims can survive YouTube's anticipated motion to dismiss. Finally, to the extent that Plaintiffs' *Biubiubiu* claims survive a motion to dismiss, YouTube suggests that the Court should, rather than set a full case schedule, schedule fact discovery only and then hold a status conference at the close of fact discovery to assess the status of the Singapore arbitration and to ascertain the likelihood that litigation concerning Plaintiffs' *Free Fire* claims against all Defendants will ever proceed in this Court, given that expert discovery and pre-trial

proceedings would potentially impact all Defendants.

## II. ARGUMENT

More specifically, Google and YouTube agree with the arguments made by Garena and Apple as to why Plaintiffs' claims concerning *Free Fire*—i.e., the non-*Biubiubiu* claims at issue—should remain stayed. With respect to Plaintiffs' claims concerning the film *Biubiubiu*—which concern only YouTube—YouTube respectfully suggests that this Court now consider staying these claims, given that there has been further clarity about the scope of the Singapore arbitration and how it will encompass all non-*Biubiubiu* claims at issue in this action. Most pertinently, YouTube intends to bring a motion to dismiss Plaintiffs' *Biubiubiu* claims based on lack of substantial similarity between the protectable elements of *Free Fire* and the allegedly infringing elements of *Biubiubiu*, among other grounds. Such a motion will necessarily require Plaintiffs and YouTube to litigate, at the outset, the protectability of the same elements of *Free Fire* that will be at issue in any litigation of Plaintiffs' *Free Fire* claims. Should Plaintiffs' *Free Fire* claims ultimately move forward in this Court, there would be not only duplicative, piecemeal litigation of the same issues but also potential prejudice to Defendants other than YouTube based on a ruling on the scope of Plaintiffs' copyrights made in the context of *Biubiubiu* that Plaintiffs may seek to assert as to its *Free Fire* claims.

In addition, Plaintiffs have signaled that they intend to immediately seek discovery concerning not only their *Biubiubiu* claims but also their *Free Fire* claims. It is clear that Plaintiffs are already attempting to circumvent the stay that this Court tentatively ordered

concerning their *Free Fire* claims, using their *Biubiubiu* claims as a wedge. Plaintiffs should not be entitled to seek expansive discovery given that (a) their *Free Fire* claims should be stayed indefinitely pending resolution of the Singapore arbitration (and, depending on that resolution, there may never be litigation in this Court at all concerning Plaintiffs' *Free Fire* claims) and (b) their *Biubiubiu* claims may not even survive a motion to dismiss. This is yet another reason for the Court to reconsider whether a stay of the entire litigation is the most judicially efficient and fair manner in which to proceed.

If the Court decides that Plaintiffs' *Biubiubiu* claims should proceed, YouTube respectfully submits that discovery as to Plaintiffs' *Biubiubiu* claims should be stayed pending the Court's decision as to whether those claims survive a motion to dismiss. YouTube intends to negotiate a reasonable briefing schedule with Plaintiffs concerning YouTube's anticipated motion to dismiss, once there is a final ruling on the parties' motion to stay. YouTube will likely seek 45 days from any such ruling to submit its opening brief, given the intervening holidays, and would readily stipulate to an equal amount of time for Plaintiffs to file an opposition.

If Plaintiffs' *Biubiubiu* claims do survive YouTube's motion to dismiss, the Court should only then set a fact discovery schedule—YouTube respectfully submits that 9 months would be reasonable—and schedule a status conference to take place at the close of fact discovery to determine the status of the Singapore proceedings and the likelihood that Plaintiffs' *Free Fire* claims will ever proceed in this Court, which would impact all further proceedings in this action, including expert discovery and any pretrial proceedings.

3
GOOGLE'S AND YOUTUBE'S STATUS REPORT; NO. 2:22-CV-00209-GW-MRW

Dated: November 7, 2022

                                    MAYER BROWN LLP

                    By:    */s/ A. John P. Mancini*
                              A. JOHN P. MANCINI

                  Attorneys for Defendants
                  GOOGLE LLC and ITS WHOLLY-OWNED SUBSIDIARY YOUTUBE, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2022 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

*/s/ A. John P. Mancini*
A. JOHN P. MANCINI
